UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CRISTIAN YOSIMAR CASTELLANOS-
MORALES,

              Petitioner,

v.

UNKNOWN PARTY et al.,

              Respondents.

_____/

Case No. 1:26-cv-2040

Honorable Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond. (Pet., ECF No. 1, PageID.2.) In an order entered on July 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the April 30, 2026, bond hearing on July 16, 2026. (Resp., ECF No. 9; Recording of Apr. 30, 2026, Bond Hearing, filed on Jul 16, 2026.)

## II.      Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States in 2018. Op., *Castellanos Morales v. U.S. Dep't of Homeland Sec.* (*Castellanos Morales I*), No. 1:26-cv-1049 (W.D. Mich Apr. 24, 2026), (ECF No. 11). On September 23, 2005, ICE agents arrested Petitioner. *Id.*

On March 30, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Castellanos Morales I*. In *Castellanos Morales I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Castellanos Morales I,* (W.D. Mich Apr. 24, 2026) (ECF Nos. 11, 12).

On April 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 9-1, PageID.57.) At the conclusion of the April 30, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The court finds the [Petitioner] is a flight risk and a danger to the community. The [Petitioner] has a removal order (pending appeal before the BIA). The [Petitioner] has a pending felony assault charge.

(*Id.*)

## III.     Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on April 30, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner "is a flight risk and a danger to the community." (Immigration Judge Order, ECF No. 9-1, PageID.57.) In his § 2241 petition, Petitioner does not mention the April 30, 2026, bond hearing. Instead, Petitioner claims that his detention "has become unreasonably prolonged." (Pet., ECF No. 1, PageID.2.) Respondent argues, *inter alia*, that the

2

Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 9, PageID.43–46.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing

3

itself violated the Due Process Clause of the Fifth Amendment.[1] Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[2]

Dated: July 27, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

[2] Because the Court will dismiss Petitioner's § 2241 petition as set forth herein, Petitioner's motions (ECF Nos. 4 and 5) seeking relief during the pendency of this action are moot.